# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 3: 16-CR-66 (VAB) |
| | : | |
| RONNETTE BROWN. | : | |
| | : | |

## ORDER ON MOTION TO PERMIT OPENING STATEMENT

The United States of America (the "Government") has filed an oral motion requesting permission to give an opening statement in the trial of this case, which Ronnette Brown ("Defendant") opposes. The Government argued that a brief explanation of some of the issues and evidence that will be presented may be helpful for the jury, given that this is a white collar case involving healthcare fraud and Medicaid billing. For the reasons that follow, the Court **DENIES** the motion for permission to give an opening statement.

As the Second Circuit has held, "the making and timing of opening statements can be left constitutionally to the informed discretion of the trial judge" in criminal cases because there is no constitutional right for defendants in criminal cases to give opening statements at trial. *United States v. Salovitz*, 701 F.2d 17, 21 (2d Cir. 1983) (finding that there was no abuse of discretion where district court judge denied criminal defendant's request to have opening statements at his trial). Because the United States Constitution does not require that defendants in a criminal trial be given the opportunity to give opening statements, the Court exercises its discretion and denies the Government's motion to have opening statements in the trial of this case.

The parties are, however, free to confer and agree on a jointly stipulated statement regarding this case that the Court will read to the jury before the Government begins its presentation of its case.

1

SO ORDERED at Bridgeport, Connecticut, this 12th day of May, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge