**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,     :
     :
     v.     :     CRIMINAL CASE NO.
     :     3: 16-CR-66 (VAB)
RONNETTE BROWN     :
     :

## POST-TRIAL JURY INSTRUCTIONS

1

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 4

I.    GENERAL INSTRUCTIONS ................................................................................... 5

    A.   Role of the Court .............................................................................................. 5

    B.   Role of the Jury ................................................................................................ 6

    C.   The Government as a Party .............................................................................. 7

    D.   Conduct of Counsel .......................................................................................... 8

    E.   Improper Considerations: Race, Religion, National Origin, Sex, or Age ........ 8

    F.   Publicity ........................................................................................................... 9

    G.   Presumption of Innocence and Burden of Proof .............................................. 9

    H.   Beyond a Reasonable Doubt ............................................................................ 10

    I.    "Prove" and "Find" ........................................................................................ 11

II.   ISSUES IN THIS CASE ........................................................................................... 12

    A.   Consider Only the Charges ............................................................................. 12

    B.   Multiple Counts, One Defendant .................................................................... 13

    C.   Conspiracy ...................................................................................................... 13

    D.   Purpose of the Statute (Conspiracy) ............................................................. 14

    E.   Conspiracy – Elements of the Offense ............................................................ 14

    F.   First Element – Existence of Conspiracy ....................................................... 15

    G.   Second Element – Membership in the Conspiracy .......................................... 16

    H.   Third Element – Commission of Overt Act ..................................................... 18

    I.    Fourth Element – Commission of Overt Act in Furtherance of the Conspiracy ...................................... 20

    J.    Acts and Declarations of Co-Conspirators .................................................... 21

    K.   Health Care Fraud .......................................................................................... 22

    L.   Health Care Fraud – Elements of the Offense ............................................... 22

    M.   Health Care Fraud – First Element, Scheme to Defraud ............................... 23

    N.   Health Care Fraud – Second Element, Intent to Defraud .............................. 26

    O.   Health Care Fraud – Third Element, Health Care Benefit Program .............. 27

    P.   Knowingly ........................................................................................................ 28

Q. Intentionally ........................................................................................................ 28

R. Variance Dates ................................................................................................... 28

S. Variance Amounts ............................................................................................. 29

III. GUIDELINES FOR DELIBERATIONS ........................................................... 29

A. Stipulation of Facts .......................................................................................... 29

B. Testimony, Exhibits, Stipulations, and Judicial Notice ................................. 30

C. Questions ........................................................................................................... 30

D. Charts and Summaries (Admitted as Evidence) ............................................ 31

E. Direct and Circumstantial Evidence ............................................................... 31

F. Inference Defined (Presumptions) ................................................................... 33

G. Number of Witnesses and Uncontradicted Testimony ................................. 34

H. Witness Credibility – General Instruction ..................................................... 34

I. Law Enforcement Witnesses ............................................................................ 36

J. Bias and Hostility ............................................................................................. 36

K. Interest in Outcome ......................................................................................... 37

L. Accomplices Called by the Government ......................................................... 37

M. Government Witness – Not Proper to Consider Guilty Plea ........................ 38

N. Admission of the Defendant ........................................................................... 39

O. Failure of Accused to Testify .......................................................................... 39

P. Impeachment by Prior Inconsistent Statement ............................................. 40

Q. Sympathy to Play No Role ............................................................................... 40

R. Punishment ....................................................................................................... 41

IV. FINAL INSTRUCTIONS .................................................................................. 43

A. Note Taking ....................................................................................................... 43

B. Foreperson and Deliberations ......................................................................... 43

C. Right to See Exhibits and Hear Testimony; Communications with Court ... 44

D. Verdict, Duty to Deliberate, Unanimity ......................................................... 45

E. Form of Verdict ................................................................................................. 46

F. Communication with the Court ....................................................................... 46

## INTRODUCTION

Members of the jury, you now have heard all of the evidence.  I now will instruct you about the law applicable to this case.  After these instructions, you will hear the closing arguments of counsel, and I will provide some final instructions.  You then will return to the jury room to deliberate consistent with these instructions.  But first, I want to express my gratitude to each of you for the time and energy you have devoted to this trial.  Jury service is rarely convenient, but without you, justice could not be done in this case.  Thank you.

It will take some time for me to read these instructions to you, but it is important for you to listen carefully.  I will go as slowly as I can and be as clear as possible.  At the start of the trial, I told you that your principal function was to listen carefully and observe each witness who testified.  I ask you to give that same careful attention, as I instruct you on the law.  You have been provided with a copy of my instructions so that you can read along as we go.  Please feel free to write on these copies.  You will be permitted to take them into the jury room with you.

My instructions will be in three parts.  First, I will discuss general rules concerning the role of the court and the duty of the jury.  Second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial.  Third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the Verdict Form.  After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate.  You will have with you the following: the original of the Verdict Form, copies of the original exhibits, your copies of

4

these instructions, and any personal notes that you may have taken.  At the conclusion of your

deliberations, you will use the Verdict Form to report your verdict to the court and the parties.

## I.    GENERAL INSTRUCTIONS

### A.    Role of the Court

As the judge, I perform two basic functions during the trial.  First, I decide what evidence

you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on

the law that you are to apply to the facts in this case.  I gave you some preliminary instructions

before trial began, and some during the course of the trial, but it is now—at the close of

evidence—that the final instructions are given, so please be patient and listen closely.  If, in

closing arguments, the parties state the law differently from the way I am explaining it to you,

you are to follow my instructions.

I believe that everything I am going to tell you now is consistent with the preliminary

instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on

anything different I may have said in the preliminary instructions.  The instructions I am giving

you now must guide your deliberations in this case.

You have now heard all of the evidence in the case and you soon will hear the final

arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It

is your duty to accept these instructions of law and apply them to the facts as you determine

them.

5

On these legal matters, you must take the law as I give it to you.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**B.**     **Role of the Jury**

Your role as the jury is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility -- or believability -- of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their objections, or in their questions is not evidence, nor is what they will say in their closing arguments. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

6

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it--and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

## C.    The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to Ms. Brown, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

7

**D.**     <u>**Conduct of Counsel**</u>

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All of those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law. As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**E.**     <u>**Improper Considerations: Race, Religion, National Origin, Sex, or Age**</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally important for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

8

### F.    Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press or on the internet, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

At the beginning of the case, I gave you some general rules about criminal trials. I will now restate them for you in more detail before discussing the charges against Ms. Brown and the applicable law.

### G.    Presumption of Innocence and Burden of Proof

Although Ms. Brown has been accused of the various charges in this case, you must remember that accusations are not evidence. Ms. Brown has pled not guilty to the charges in this case.

As a result of Ms. Brown's plea of not guilty, the burden is on the government to prove guilt beyond a reasonable doubt. This burden never shifts to her for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes Ms. Brown to be innocent of the charges against her. I therefore instruct you that Ms. Brown is to be presumed by you to be innocent throughout your

deliberations until such time, if ever, you as a jury are satisfied that the government has proven her guilty beyond a reasonable doubt.

Ms. Brown begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of her guilt, after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with Ms. Brown when the trial began and remains with her even now as I speak to you and will continue with her into your deliberations unless and until you are convinced that the government has proven her guilt beyond a reasonable doubt.

### H.    <u>Beyond a Reasonable Doubt</u>

I have said that the government must prove Ms. Brown guilty beyond a reasonable doubt. The question naturally is, what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible

doubt; proof beyond a reasonable doubt is sufficient to convict.    This burden never shifts to Ms. Brown, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit Ms. Brown.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the Ms. Brown's guilt beyond a reasonable doubt, you should vote to convict her.

**I.       "Prove" and "Find"**

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the government's burden. I shall also speak of "finding" various facts.

Throughout my instructions, you should understand that whenever I say that the government has to "prove" an element of the offense to you, I mean that it has to "prove" that element to you beyond a reasonable doubt, as I just explained that term to you. You are to understand my use of the word "prove" to mean "prove beyond a reasonable doubt," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact or an element of the offense in order to return a guilty verdict, you must "find" that element to have been proven by the government beyond a reasonable doubt, even if I simply use the word "find"

11

## II.     ISSUES IN THIS CASE

With these general instructions in mind, let us turn to the specific charges in this case. The charges are accusations. They are not evidence. They may not be considered by you as evidence of the guilt of the defendant.

In this case, Ronnette Brown is charged with **Count 1**, a single count of conspiracy to commit health care fraud under Title 18 of the United States Code, Section 1347, which means that she is alleged to have knowingly and willingly executed and attempted to execute a scheme to defraud Medicaid, a government health care program, in the delivery of and payment for health care benefits, items, and services, through materially false and fraudulent pretenses and representations.

Ms. Brown is also charged with **Counts 2 through 24**, twenty-three counts of health care fraud under Title 18 of the United States Code, Sections 1347 and 2, which means that she is alleged to have knowingly and willfully executed and attempted to execute a scheme to defraud Medicaid, a health care benefit program, in the delivery of and payment for health care benefits, items and services, through materially false and fraudulent pretenses and representations.

Before discussing the specific elements of each of these charges, each and every one of which the government must prove beyond a reasonable doubt for each count before you may find Ms. Brown guilty of that count, I will discuss some other general rules.

### A.     Consider Only the Charges

Ms. Brown is not charged with committing any crime other the charges I have described. You have heard evidence of other acts allegedly committed by Ms. Brown.  But I want to

12

emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges I have described.

**B.**    **Multiple Counts, One Defendant**

Ms. Brown is charged with a total of twenty-four counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find Ms. Brown guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

## ELEMENTS OF THE OFFENSE

I will now proceed to instruct you on the elements of the charges against Ms. Brown. As I explained earlier, in order for you to find Ms. Brown guilty of any given charge, the government must prove beyond a reasonable doubt every element of the crime with which Ms. Brown is charged. I will now instruct you on those elements, and as I do, please keep in mind that it is not enough for the government to prove some or even most of the elements of a crime. It must prove each and every one of them, for each of the individual charges, beyond a reasonable doubt.

**C.**    **Conspiracy**

**Count 1** charges the defendant with conspiracy to violate federal law.

The relevant statute on this subject is 18 U.S.C. § 371.  It provides, in relevant part, as follows:

> "If two or more persons conspire ... to commit any offense against the United States ... , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States]."

13

D.      **Purpose of the Statute** (Conspiracy)

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

E.      **Conspiracy – Elements of the Offense**

In order to satisfy its burden of proof on Count 1, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged here, starting in or about May 2010;

Second, that Ms. Brown knowingly and willfully became a member of the conspiracy;

14

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged here; and

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

F.      **First Element – Existence of Conspiracy**

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement that is charged.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider

15

the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

### G.       Second Element – Membership in the Conspiracy

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Ms. Brown knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged existed, you must next ask yourselves, who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether Ms. Brown knowingly and willfully joined the conspiracy. Did she participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, she must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Ms. Brown had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy that is charged.

As I mentioned a moment ago, before Ms. Brown can be found to have been a conspirator, you must first find that she knowingly joined in the unlawful agreement or plan. The

16

key question, therefore, is whether Ms. Brown joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that Ms. Brown's participation in the conspiracy must be established by independent evidence of her own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

Ms. Brown's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, Ms. Brown need not have known the identities of each and every other member, nor need she have been apprised of all of their activities. Moreover, Ms. Brown need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part. Furthermore, Ms. Brown need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of her participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that Ms. Brown's mere presence at the scene of the alleged crime does not, by itself, make her a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make Ms. Brown a member. A person may know, or be friendly with, a criminal, without being a criminal

17

herself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, Ms. Brown, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  She thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

### H.    Third Element – Commission of Overt Act

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

As to the alleged conspiracy, it is charged that the following overt acts were committed in the District of Connecticut.

18

(1)  On or about February 10, 2011, Beverly Coker provided Ms. Brown with a check in the amount of $2,921.28 representing Ms. Brown's 70% share of certain claims submitted to Medicaid under the conspiracy.

(2)  On or about August 10, 2011, Beverly Coker provided Ms. Brown with a check in the amount of $7,335.95 representing Ms. Brown's 70% share of certain claims submitted to Medicaid under the conspiracy, less a $1,000 advance Coker had recently provided to Ms. Brown.

(3)  On or about September 30, 2011, Beverly Coker provided Ms. Brown with a check in the amount of $2,625.35 representing Ms. Brown's 70% share of certain claims submitted to Medicaid under the conspiracy.

(4)  On or about May 5, 2011, Beverly Coker, Ms. Brown, and Juliet Jacob Sharpe submitted and caused to be submitted to Medicaid a claim for psychotherapy services (CPT Code 90808) that falsely represented that on April 27, 2011, Coker personally provided psychotherapy services to a patient with the initials A.S.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged be proven.

Similarly, you need not find that Ms. Brown committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Finally, you must find either that the agreement was formed or that an overt act was committed in the District of Connecticut, which includes the entire State of Connecticut.

I.   **Fourth Element – Commission of Overt Act in Furtherance of the Conspiracy**

The fourth, and final, element which the government must prove beyond a reasonable doubt on Count 1 is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

20

J.    **Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against Ms. Brown the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against Ms. Brown has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that Ms. Brown, whose guilt you are considering was a member of the conspiracy that is charged, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against Ms. Brown. This is so even if such acts were done and statements were made in Ms. Brown's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of Ms. Brown's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the

21

statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

### K.   Health Care Fraud

**Counts 2 through 24** charge Ms. Brown with health care fraud.

The relevant statute on this subject is Title 18, United States Code, Section 1347(1), which provides, in relevant part, that:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice

(1) to defraud any health care benefit program . . .

in connection with the delivery of or payment for health care benefits, items, or services, shall be [guilty of a crime].

### L.   Health Care Fraud – Elements of the Offense

In order to prove Ms. Brown guilty of health care fraud, the government must prove each of the following elements beyond a reasonable doubt for each separate count of health care fraud:

**First,** that there was a scheme to defraud in connection with the delivery of or payment for health care benefits, items, or services, as charged;

**Second**, that Ms. Brown knowingly and willfully executed or attempted to execute that scheme with the intent to defraud; and

**Third**, that the target of the scheme was a health care benefit program, as I will define that phrase for you.

22

**M.**      <u>Health Care Fraud – First Element, Scheme to Defraud</u>

The first element which the government must prove beyond a reasonable doubt is that there was a scheme to defraud in connection with the delivery of or payment for health care benefits, items, or services, as charged. A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive.

A fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that, if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made materially misleading.

The representations which the government charges were made as part of the scheme are set forth as follows:

Beginning in or around January 2011, and continuing to on or around April 9, 2014, in the District of Connecticut and elsewhere, Ms. Brown submitted and caused to be submitted to Medicaid claims for psychotherapy services on dates on which no such services were rendered, including

- As to Count Two, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around May 26, 2013 to a Medicaid client with the initials D.S.

23

- As to Count Three, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around August 30, 2013 to a Medicaid client with the initials D.S.

- As to Count Four, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around September 19, 2013 to a Medicaid client with the initials D.S.

- As to Count Five, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around June 19, 2013 to a Medicaid client with the initials C.H.

- As to Count Six, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 3, 2013 to a Medicaid client with the initials C.H.

- As to Count Seven, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around August 7, 2013 to a Medicaid client with the initials C.H.

- As to Count Eight, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 8, 2013 to a Medicaid client with the initials A.F.

- As to Count Nine, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 14, 2013 to a Medicaid client with the initials A.F.

- As to Count Ten, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 20, 2013 to a Medicaid client with the initials A.F.

- As to Count Eleven, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 7, 2013 to a Medicaid client with the initials A.P.

- As to Count Twelve, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 13, 2013 to a Medicaid client with the initials A.P.

- As to Count Thirteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 22, 2013 to a Medicaid client with the initials A.P.

- As to Count Fourteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 11, 2013 to a Medicaid client with the initials N.B.

- As to Count Fifteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around July 14, 2013 to a Medicaid client with the initials N.B.

- As to Count Sixteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around August 4, 2013 to a Medicaid client with the initials N.B.

- As to Count Seventeen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around August 9, 2013 to a Medicaid client with the initials L.R

- As to Count Eighteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around September 5, 2013 to a Medicaid client with the initials L.R.

- As to Count Nineteen, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around June 7, 2013 to a Medicaid client with the initials G.H.

- As to Count Twenty, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around January 2, 2014 to a Medicaid client with the initials G.H.

- As to Count Twenty-One, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around January 9, 2014 to a Medicaid client with the initials G.H.

- As to Count Twenty-Two, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around February 14, 2014 to a Medicaid client with the initials T.K.

25

- As to Count Twenty-Three, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around March 10, 2014 to a Medicaid client with the initials T.K.

- As to Count Twenty-Four, a claim for psychotherapy services rendered by We-MPACT or its contractors on or around March 4, 2014 to a Medicaid client with the initials T.K.

It is not required that every misrepresentation that is charged be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme for each count charged.

Although it is not necessary for the government to prove an actual loss of funds by the health care benefit program, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged, Ms. Brown placed the health care benefit program at a risk of loss and that the health care benefit program did not knowingly accept such a risk.

N.     **Health Care Fraud – Second Element, Intent to Defraud**

The second element the government must prove beyond a reasonable doubt is that Ms. Brown knowingly and willfully executed or attempted to execute the scheme with the intent to defraud.

**"Knowingly"** means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

**"Willfully"** means to act knowingly and with a bad purpose.

To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

26

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

### O.     Health Care Fraud – Third Element, Health Care Benefit Program

The third element the government must prove beyond a reasonable doubt is that the target of the scheme was a health care benefit program.

The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical, benefit, item, or service for which payment may be made under the plan or contract.

In order to qualify as a "health care benefit program," the program must affect interstate commerce.  This means the program must have had some effect on the movement,

transportation, or flow of goods, merchandise, money and individuals between or among the states.

**P.      Knowingly**

You have been instructed that, in order to sustain its burden of proof, the government must prove that Ms. Brown acted knowingly.  A person acts knowingly if she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether Ms. Brown acted knowingly may be proven by her conduct and by all of the facts and circumstances surrounding the case.

**Q.      Intentionally**

The government must also prove beyond a reasonable doubt that Ms. Brown acted intentionally when she committed the acts charged in each count.  Before you can find that Ms. Brown acted intentionally, you must be satisfied beyond a reasonable doubt that Ms. Brown acted deliberately and purposefully.  That is, Ms. Brown's acts must have been the product of her conscious objective rather than the product of a mistake or accident.

**R.      Variance Dates**

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter, if the charges allege that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged and the date established by testimony or exhibits.

S. **Variance Amounts**

The law only requires a substantial similarity between the charges and the proof; that is sufficient.

Thus, if there is a charge that a certain amount (i.e. of money) was involved, and the testimony or exhibits indicate that, in fact, a different amount was involved, it is for you to determine whether the difference is material and, if you find it was material, then you must find the defendant not guilty.

## III.   GUIDELINES FOR DELIBERATIONS

Next I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which the lawyers have agreed or stipulated, or that I have directed you to find.

A. **Stipulation of Facts**

A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.

29

**B.**    **Testimony, Exhibits, Stipulations, and Judicial Notice**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulation between the parties.

Exhibits which have been marked for identification but not admitted as full exhibits may not be considered by you as evidence. Only those exhibits which are full exhibits may be considered as evidence. Demonstrative exhibits and visual aids are not evidence.

Similarly, statements by counsel are not evidence.

Our rules of evidence allow the parties to inquire as to whether witnesses have previously been convicted of crimes and such evidence may be used by you in making determinations as to the credibility of a witness, but for no other purpose.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

**C.**    **Questions**

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

30

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You should not be permitted to consider as true or assume the fact that he ever beat his wife, unless the witness himself indicated that, or unless there is some evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

**D.    Charts and Summaries (Admitted as Evidence)**

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

**E.    Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses--what he sees, feels, touches or hears--that is called direct evidence.

31

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse and which I shared with you at the beginning of trial: if you wake up in the morning and see that the street and sidewalks are wet, you might infer from that fact that it rained during the night even if no one saw the rain. The fact of rain is one inference that could be drawn from circumstantial evidence, the presence of water on the street and sidewalk. Direct evidence of rain, on the other hand, would be someone's actual observation of raindrops coming down from the sky.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. An inference may be drawn only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture. To aid you in better understanding this, in the rain example I used a moment ago, while you could infer from the wet ground that it had rained, you could not also infer that there was a thunderstorm, without additional evidence. In other words, you must avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

32

F.      **Inference Defined (Presumptions)**

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

33

G.     **Number of Witnesses and Uncontradicted Testimony**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and that Ms. Brown is not required to call any witnesses or offer any evidence, since she is presumed to be innocent.

H.     **Witness Credibility – General Instruction**

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the charges in this case, in the face of the very different pictures painted by the government and the defense, which cannot be reconciled. You will now have to decide where the

34

truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony, or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness, consciously or not, to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the

35

witness's ability to express himself or herself. Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

### I.   Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

### J.   Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

36

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

## K.      Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of the case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

## L.      Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime charged in this case. There will be a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government will argue, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

37

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation affect his or her testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

**M.**   <u>**Government Witness – Not Proper to Consider Guilty Plea**</u>

You have heard testimony from Beverly Coker, who pled guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences

38

of any kind about the guilt of Ms. Brown from the fact that Ms. Coker pled guilty to similar charges. Ms. Coker's decision to plead guilty was a personal decision about her own guilt. It may not be used by you in any way as evidence against or unfavorable to Ms. Brown.

### N.   Admission of the Defendant

There has been evidence that Ms. Brown made certain statements in which the government claims she admitted certain facts charged.

In deciding what weight to give Ms. Brown's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

### O.   Failure of Accused to Testify

The defendant did not testify in this case. Under our Constitution, she has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove her guilt beyond a reasonable doubt. The defendant is never required to prove that she is innocent.

You may attach no significance to the fact that the defendant did not testify. No adverse inference may be drawn by you because she did not take the witness stand. You may not consider this against the defendant under consideration in any way in your deliberations in the jury room.

P.      **Impeachment by Prior Inconsistent Statement**

You have heard evidence that certain witnesses made statements on earlier occasions which counsel argues is inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on any defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the witnesses who contradicted themselves. If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Q.      **Sympathy to Play No Role**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

40

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Ms. Brown's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving Ms. Brown's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**R.  Punishment**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests solely with the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

\*    \*    \*    \*    \*    \*

\*    \*    \*    \*    \*    \*

At this point we will interrupt the instructions to hear the closing arguments of counsel.  I will conclude the instructions after those summations.  Remember, what the lawyers say in their

41

closing arguments is not evidence, but it is merely argument about what they believe the evidence shows.

## IV.    FINAL INSTRUCTIONS

You have now heard my instructions on the law and the parties' closing arguments.  I remind you that the parties' arguments are not evidence.  I will now give you some final instructions before you begin your deliberations

### A.    Note Taking

You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.  If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.  Your notes are not evidence.

### B.    Foreperson and Deliberations

When you return to the jury room, you should first elect one person to act as your foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion.  The foreperson merely presides over your deliberations and is your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached its verdict, he or she will notify the

43

marshal that the jury has reached its verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the marshal, who will escort you.  No deliberations may take place without all jurors being present.  If at any time a juror is using the restroom, the other jurors must cease deliberations and not resume deliberations until all jurors are present.  Likewise, if at any time a juror is on a cell phone, the other jurors must cease deliberations immediately and may not begin deliberations again until all cell phones are off.  If you bring your cell phones into the jury room, you must turn them off during deliberations.

Finally, you are prohibited from conducting any outside research on the case.  You must not research any issue nor communicate with any person about the case through the Internet, smart phones, tablets, e-mail, text messaging, social media, blogs, Internet chat rooms, social networking websites, or any other forms of electronic communication.

### C.   <u>Right to See Exhibits and Hear Testimony; Communications with Court</u>

You are about to go into the jury room and begin your deliberations. Some of the exhibits will be sent to you in the jury room in hard copy, while others will be available electronically.  If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony.

Your requests for testimony--in fact any communication with the Court--should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to

any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom, so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of each defendant's guilt until after a unanimous verdict is reached.

**D.      Verdict, Duty to Deliberate, Unanimity**

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any verdict form prepared for your

45

convenience is to suggest or convey to you in any way or manner any inclination as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

### E.   Form of Verdict

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form. You will then have your foreperson give a note to the Marshal that you have arrived at a verdict. Do not give the verdict form to the Marshal, but have the foreperson bring it with him or her, when you return to the courtroom.

### F.   Communication with the Court

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Marshal. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person, not even to the Court. How the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof, until after you have reached a unanimous verdict.

46

## CONCLUSION

You are about to go into the jury room to begin your deliberations.

A note about timing.  We ordinarily end our trial day at 4:00 p.m.  But that is not a constraint on your deliberations, and you should certainly not rush to meet any deadline.  You may choose, if you find it necessary, to deliberate past 4:00 p.m.  You may also choose to break at 4:00 p.m. and resume deliberations later.  It is your decision.  Whatever you decide, we will be here.

It is proper to add a final caution.  Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you.  Render your verdict fairly, uprightly, and without a scintilla of prejudice.  Take as long as you think is necessary to fairly and impartially reach your verdict.

Members of the jury, that concludes my instructions to you.  Thank you for your patience and attention.  You may now retire.  The marshal will escort you to the jury room where you will begin your deliberations.